**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NIKE, INC.

and

CONVERSE INC.,

Plaintiffs,

vs.

QILOO INTERNATIONAL LIMITED,

Defendant.

Case No. 2:12-cv-00191-GMN-GWF

**EMERGENCY *EX PARTE* TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER**

Plaintiffs, NIKE, Inc., and Converse Inc., have moved *ex parte* for a Temporary Restraining Order, Seizure Order, and an Order for Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Lanham Act Section 34 (15 U.S.C. § 1116), the Patent Act, 35 U.S.C. § 283, and Local Rule 7-5. Plaintiffs allege that Defendant QiLoo International Ltd. ("QiLoo") has imported into the United States, and is distributing, promoting, offering to sell, and selling footwear products at the World Shoe Association ("WSA") trade show in Las Vegas, Nevada, that infringe at least Converse Trademarks. The Court having duly considered Plaintiffs' Complaint, Emergency Motion and Supporting Memorandum for Entry of Temporary Restraining Order and Preliminary Injunction, declarations and exhibits submitted therewith, makes the following findings and conclusions:

1. Plaintiffs are likely to succeed in showing that the NIKE Design Patents and the Converse and NIKE Trademarks that are appended to the Complaint as Exhibits A through BB are owned by Plaintiffs, are valid, and are enforceable, and that QiLoo has imported, distributed, promoted, offered for sale, and sold shoes bearing designs that infringe the NIKE Design Patents and that are counterfeits of the Converse and NIKE Trademarks (hereafter, "Alleged Infringing Shoes"). Specifically, Plaintiffs are likely to succeed on their claims against QiLoo's product numbers: QL-26294; QL-21810; QL-

1

21533; QL-24715; QL-21712; QL-23860; QL-25472; QL-25216; QL-23416; QL-23860A; QL-23860B; QL-24715; QL-24715A; QL-27188; QL-27141; QL-27141A; QL-27141B; QL-27141C.  Plaintiffs have not met their burden with respect to product number QL-21193 (incorrectly identified in Table 7 as QL-21533; *see* Exhibit JJ attached to TRO).

2. It appears to the Court that QiLoo is a China-based manufacturer of footwear products that, with the exception of its temporary presence in Las Vegas during the biannual WSA show, does not have a regular place of business or assets in the United States.  Further, over the past several WSA shows, QiLoo has established a pattern of importing alleged Infringing Shoe designs into the United States, promoting, offering to sell, and selling those shoe designs at the WSA show, then leaving the United States.

3. Absent an *ex parte* temporary restraining order and seizure order, QiLoo's importation, promotion, offers for sale, and sale of Alleged Infringing Shoes will result in immediate and irreparable injury to Plaintiffs in the form of loss of control over their valuable intellectual property rights, loss of consumer goodwill, and interference with Plaintiffs' ability to exploit the NIKE Design Patents and the NIKE and Converse Trademarks.  Further, because QiLoo has no presence in the United States, it may be difficult or impossible for Plaintiffs to recover a money judgment against QiLoo.

4. It appears to the Court based on Plaintiffs' representations that they have not publicized their application for an *ex parte* temporary restraining order and seizure order.

5. The harm to Plaintiffs in denying the requested temporary restraining order and seizure order outweighs the harm to the legitimate interests of QiLoo from granting such relief.

6. The public interest weighs in favor of granting Plaintiffs the requested temporary restraining order and seizure order.

7. QiLoo's Alleged Infringing Shoes and materials evidencing QiLoo's infringements alleged in the Complaint are in QiLoo's possession at the WSA show

currently taking place in Las Vegas, Nevada, but these materials would likely be destroyed, moved, hidden, or otherwise made inaccessible to the Court if Plaintiffs were to proceed on notice to QiLoo.

## **TEMPORARY RESTRAINING ORDER**

**IT IS THEREFORE ORDERED** that pending a decision by the Court on Plaintiffs' application for a preliminary injunction, QiLoo and its officers, agents, servants, employees, and attorneys; and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restrained from infringing NIKE's Design Patents and from infringing Converse's and NIKE's Trademarks at the WSA show in Las Vegas, Nevada from February 6-8, 2012. Specifically, QiLoo is hereby temporarily restrained from making, using, selling, offering to sell, and importing into the United States footwear designs covered by U.S. Patent Nos. D361,884; D429,877; D462,830; D475,523; D494,353; D499,247, D500,585; D500,917; D523,618; D524,028; D524,529; D532,600; D546,541; D547,541; D555,332; D573,338; D573,339; D575,046; D578,294; D579,186; D580,636; D580,646; and D586,548, and colorable imitations thereof. In addition, QiLoo is hereby temporarily restrained from using in commerce any reproduction, counterfeit, copy, or colorable imitation of the Converse and NIKE Trademarks reflected in U.S. Trademark Registration Nos. 1,588,960; 3,258,103; 3,451,905; 4,062,112; and 4,065,482, including selling, offering for sale, distributing, promoting, or advertising goods or services in connection with those trademarks or colorable imitations thereof; and transferring, moving, returning, destroying, or otherwise disposing of any Alleged Infringing Shoes except pursuant to the below Seizure Order.

## **SEIZURE ORDER**

**IT IS FURTHER ORDERED** that Defendant's allegedly infringing shoe products, records (including computers and electronic evidence) of Defendant's sales and offers to sell infringing products, and Defendant's promotional display(s), sales equipment, and materials used to facilitate Defendant's infringements (collectively,

1  "Materials") shall be seized by the United States Marshals Service, assisted by one or
2  more attorneys or representatives of Plaintiffs, at the booth rented or occupied by the
3  Defendant at the WSA trade show in Las Vegas, Nevada, during the period of February 6
4  through 8, 2012.  The allegedly infringing shoe products that the United States Marshals
5  shall seize are limited to QiLoo's product numbers: QL-26294; QL-21810; QL-21533;
6  QL-24715; QL-21712; QL-23860; QL-25472; QL-25216; QL-23416; QL-23860A; QL-
7  23860B; QL-24715; QL-24715A; QL-27188; QL-27141; QL-27141A; QL-27141B; QL-
8  27141C.  If Plaintiffs identify more infringing products, they can petition the Court to
9  amend this Order.[1]

10  The United States Marshals Service may use all reasonable force in conducting the
11 seizure and may open doors, locks, boxes, brief cases, and containers of any type or
12 nature to locate and identify Materials to be seized.  Attorneys and other representatives
13 of Plaintiffs shall accompany the United States Marshals Service during the seizure to
14 identify the Materials to be seized.  Plaintiffs' counsel shall itemize and take possession
15 of the seized Materials, provide a copy of the inventory to the United States Marshals
16 Service, and file the inventory with the Court.  In addition, Plaintiffs' counsel may record
17 the contents of QiLoo's booth and Materials by photographic and/or videographic means
18 during the seizure action.  The United States Marshals Service shall not retain custody of
19 seized Materials.  Plaintiffs agree to indemnify the United States Marshals Service and
20 hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from
21 the execution of the seizure described in this Order.

22  **IT IS FURTHER ORDERED** that this Order and the Summons and Complaint
23 must be served upon the Defendant, if found, at the time of the seizure, and by other
24 means reasonably calculated to give the Defendant notice of this action.

25  **IT IS FURTHER ORDERED** that, Plaintiffs shall post a bond of $25,000.00.
26 To the extent QiLoo believes that a higher bond is necessary pursuant to Rule 65(c), Fed.

---

[1] Plaintiffs have not met their burden with respect to product number QL-21193 (incorrectly identified in Table 7 as QL-21533; *see* Exhibit JJ attached to TRO), therefore seizure of this product **is not authorized**.

4

R. Civ. P., QiLoo shall file an application to the Court and provide notice to counsel for Plaintiffs by **Friday, February 10, 2012**.

**IT IS FURTHER ORDERED** that Plaintiffs shall be responsible to the United States Marshal Service for all fees and charges, including all extraordinary expenses and overtime pay incurred in carrying out this Order.

**IT IS FURTHER ORDERED** that a preliminary injunction hearing is set for **Thursday, February 16, 2012 at the hour of 2:00 p.m.**, in Courtroom 7D before the Honorable Gloria M. Navarro, United States District Judge.

Defendant shall file and serve any opposition to Plaintiffs' motion for a preliminary injunction by **Friday, February 10, 2012**.

Plaintiffs shall file and serve any reply in support of their motion for a preliminary injunction by **Tuesday, February 14, 2012**.

**SIGNED AND ENTERED** this 7th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge