Michael J. McCue (Nevada Bar #6055)
MMcCue@LRLaw.com
Jonathan W. Fountain (Nevada Bar #10351)
JFountain@LRLaw.com
Lewis and Roca LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8224
Facsimile: (702) 949-8363

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Azuka C. Dike
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*(Pro Hac Vice to be Submitted)*

Attorneys for Plaintiffs, NIKE, Inc. and Converse Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NIKE, INC. and CONVERSE INC., Plaintiffs, vs. QILOO INTERNATIONAL LIMITED Defendant. | Case No. 2:12-cv-00191-GMN-GWF **PRELIMINARY INJUCTION ORDER** |

On February 6, 2012, Plaintiffs, NIKE, Inc., and Converse Inc., moved *ex parte* for a Temporary Restraining Order, Seizure Order, and an Order for Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Lanham Act Section 34 (15 U.S.C. § 1116), the Patent Act, 35 U.S.C. § 283, and Local Rule 7-5.  (Dkt. No. 4).  Plaintiffs alleged that Defendant QiLoo International Ltd. ("QiLoo") imported into the United States, and was

1

distributing, promoting, offering to sell, and selling footwear products at the World Shoe Association ("WSA") trade show in Las Vegas, Nevada, that infringe Plaintiffs' design patents and trademarks. On February 7, 2012, the Court granted Plaintiffs' Motion for Entry of Temporary Restraining Order and Seizure Order (Dkt. No. 12), Plaintiffs posted a security bond as directed by the Court (Dkt. No. 13), hand-served the Complaint, motion papers, and the Court's Order on QiLoo (Dkt. No. 18), and seized evidence of infringements (Dkt. No. 14).

Having identified additional infringing products during the seizure activities, Plaintiffs moved on February 8, 2012, to amend the Temporary Restraining Order. (Dkt. No. 16). On February 9, 2012, the Court granted Plaintiffs' motion and entered an Amended Temporary Restraining Order. (Dkt. No. 17).

In its February 7, 2012, Order, the Court directed QiLoo to respond to Plaintiffs' motion by February 10, 2012, and to appear for a preliminary injunction hearing on February 16, 2012. QiLoo failed to serve any opposition and did not appear for the scheduled hearing.

Having duly considered Plaintiffs' arguments at the hearing, and having also considered the First Amended Complaint, the relevant Motions and Supporting Memorandum of Law, along with the declarations and exhibits submitted therewith, the Court makes the following findings and conclusions:

1. Plaintiffs are likely to succeed in showing that they own the NIKE Design Patents and the Converse and NIKE Trademarks asserted in the First Amended Complaint, and that those rights are valid and enforceable. Specifically: (A) NIKE is likely to establish that it owns United States Design Patent Nos.: D361,884; D429,877; D462,830; D475,523; D494,353; D499,247; D500,585; D500,917; D523,618; D524,028; D524,529; D532,600; D546,541; D547,541; D555,332; D573,338; D573,339; D575,046; D578,294; D579,186; D580,636; D580,646; D586,548; D641,968; and D642,369; (B) NIKE is likely to establish that it owns

common law and registered trademark rights in the mark shown in United States Trademark Registration No. 3,451,905; and (C) Converse is likely to establish that it owns common law and registered trademark rights in the marks shown in United States Trademark Registration Nos.: 1,588,960; 1,998,884; 3,258,103; 4,062,112; and 4,065,482.  NIKE's United States design patents are presumed valid, 35 U.S.C. § 282, and Plaintiffs' trademark registration certificates are *prima facie* evidence of the validity, ownership, and exclusive rights of Converse and NIKE to use the registered trademarks.  15 U.S.C. § 1057.

2.     Plaintiffs are likely to succeed in showing that QiLoo has made, used, sold, offered for sale, and/or imported into the United States shoes bearing designs that infringe the NIKE Design Patents and that are counterfeits of the Converse and NIKE Trademarks (hereafter, "Alleged Infringing Shoes").  It appears to the Court that QiLoo has not regularly or consistently identified its shoes with distinguishing model numbers.  Nevertheless, at least the following QiLoo model numbers are associated with shoes bearing the designs of the NIKE Design Patents or the Converse and NIKE Trademarks: QL-21193; QL-21533; QL-21712; QL-21810; QL-23416; QL-23860; QL-24715; QL-25216; QL-25472; QL-26294; QL-27141; QL-27188; QL-21103107A; QL-21103274A; QL-21103472A; QL-21103630A; QL-21103631A; QL-21103631B; QL-21103929A; and QL-21104050A.

3.     QiLoo is a China-based manufacturer of footwear products that, with the exception of its temporary presence in Las Vegas during the biannual WSA show, does not have a regular place of business or assets in the United States.  Over the past several WSA shows, QiLoo has established a pattern of importing Alleged Infringing Shoes into the United States, promoting, offering to sell, and selling those shoe designs at the WSA show, then leaving the United States.

4.     Absent a preliminary injunction pending trial on the merits, QiLoo's manufacture, use, sales, offers to sell, and/or importation into the United States of Alleged Infringing Shoes will result in immediate and irreparable injury to Plaintiffs in the form of loss of control over their valuable intellectual property rights, loss of consumer goodwill, and interference with Plaintiffs' ability to exploit the NIKE Design Patents and the NIKE and Converse Trademarks. *Gallagher Benefit Servs., Inc. v. De La Torre,* 283 Fed. Appx. 543, 546 (9th Cir. 2008); *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996); *Farmer Brothers Co. v. Albrecht*, 2011 WL 4736858, *3 (D. Nev. October 6, 2011). In addition, because QiLoo has no presence in the United States, Plaintiffs are likely to suffer irreparable harm because it may be difficult or impossible for them to recover a money judgment against QiLoo. *Robert Bosch, LLC v. Pylon Mfg. Corp*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), vacated and remanded on other grounds, 521 F.3d 1351 (Fed. Cir. 2008).

5.     The harm to Plaintiffs in denying a preliminary injunction outweighs the harm to the legitimate interests of QiLoo from granting such relief. Here, QiLoo's pattern of entering the United States for purposes of selling Alleged Infringing Shoes for a period of just a few days once every six months has hamstrung Plaintiffs' ability to effectively enforce their patent and trademark rights. *NIKE, Inc. v. Meitac Int'l*, 2006 WL 3883278, *3 (D.Nev. 2006) (if defendant is not enjoined, "Nike will be severely handicapped in its ability to prevent further importation of infringing products, thereby destroying any potential of preserving the status quo pending a resolution of this case on its merits."). On the other hand, QiLoo has many non-infringing footwear designs it could sell instead of the Alleged Infringing Shoes. *Celsis In Vitro, Inc. v. CellzDirect, Inc.,* 2012 WL 34381, *8 (Fed. Cir. Jan. 9, 2012). In view of the foregoing facts, QiLoo took a calculated risk by returning to the United States to continue selling the Alleged

Infringing Shoes and the balance of harms tips in Plaintiffs' favor.

6. The public interest weighs in favor of granting Plaintiffs a preliminary injunction, because this relief will promote an intellectual property system where rights can be effectively enforced and will protect the public from consumer confusion. *NIKE*, 2006 WL 3883278, *3; *Tile Outlet Always In Stock, Inc. v. Big Leaps, Inc.*, 2010 WL 5239229, at *3 (D. Nev. Dec. 16, 2010). Any other result – particularly in view of QiLoo's failure to appear in opposition to this motion – would undermine the public's interest in Plaintiffs' continued incentives to create and invest in the manufacture of ornamental footwear designs.

7. The Surety Bond posted on February 9, 2012 in the amount of $25,000.00 for the Temporary Restraining Order has expired, and a new surety bond shall be posted by Plaintiffs, to remain in place until a trial on the merits.

## PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED** that QiLoo and its officers, agents, servants, employees, and attorneys; and all other persons acting in active concert or participation with any of them, are hereby preliminarily enjoined from making, using, selling, offering to sell, and/or importing into the United States any and all products bearing the designs, and colorable imitations thereof, shown in NIKE's United States Design Patent Nos: D361,884; D429,877; D462,830; D475,523; D494,353; D499,247; D500,585; D500,917; D523,618; D524,028; D524,529; D532,600; D546,541; D547,541; D555,332; D573,338; D573,339; D575,046; D578,294; D579,186; D580,636; D580,646; D586,548; D641,968; and D642,369. QiLoo is further preliminarily enjoined from using in commerce any reproduction, counterfeit, copy, or colorable imitation of the designs shown in NIKE's United States Trademark Registration No. 3,451,905 and Converse's United States Trademark Registration Nos.: 1,588,960; 1,998,884; 3,258,103; 4,062,112; and 4,065,482, including selling, offering for sale, distributing, promoting, or advertising goods or services in connection with the NIKE and Converse trademarks or

colorable imitations thereof; and transferring, moving, returning, destroying, or otherwise disposing of any Alleged Infringing Shoes except pursuant to an order of this Court.

Illustrative examples of Alleged Infringing Shoes bear model numbers QL-21193; QL-21533; QL-21712; QL-21810; QL-23416; QL-23860; QL-24715; QL-25216; QL-25472; QL-26294; QL-27141; QL-27188; QL-21103107A; QL-21103274A; QL-21103472A; QL-21103630A; QL-21103631A; QL-21103631B; QL-21103929A; and QL-21104050A, and are shown in Appendix 1 to this Order.  The scope of this injunction applies to all products bearing the designs of the design patents and trademarks listed above, including colorable imitations thereof, regardless of any model number associated with the product, or any variations in color, materials, or construction methods.

Plaintiffs shall forthwith serve this Order upon QiLoo by international courier to its business address in Fujian, China and by email to qiloo@qiloo.com.  QiLoo is hereby given further notice that it shall be deemed to have actual notice of the issuance and terms of this preliminary injunction and that any act by it in violation of any of the terms hereof may be considered and prosecuted as contempt of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a new surety bond for $25,000.00 to remain in place until the trial on the merits.

**DATED and DONE** this 22nd day of March, 2012.

_____
Gloria M. Navarro
United States District Judge

6